1   R. Rex Parris (SBN 96567)
        rrparris@parrislawyers.com
2   Alexander R. Wheeler (SBN 239541)
        awheeler@parrislawyers.com
3   Kitty K. Szeto (SBN 258136)
        kszeto@parrislawyers.com
4   Ryan A. Crist (SBN 316653)
        rcrist@parrislawyers.com
5   **PARRIS LAW FIRM**
    43364 10th Street West
6   Lancaster, California 93534
    Telephone:    (661) 949-2595
7   Facsimile:    (661) 949-7524

8   Edwin Aiwazian (SBN 232943)
        edwin@lfjpc.com
9   Shahin Yousef Mehvary (SBN 323455)
        shahin@lfjpc.com
10  **LAWYERS for JUSTICE, PC**
    410 Arden Avenue, Suite 203
11  Glendale, California 91203
    Telephone:    (818) 265-1020
12  Facsimile:    (818) 265-1021

13  Attorneys for Plaintiff and the Putative Class
    and Aggrieved Employees
14

15              **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17

18  CHRISTINE CRUMP, individually, and on          )    Case No.: 4:20-cv-00295-HSG
    behalf of other members of the general public  )
19  similarly situated and on behalf of other      )    **FIRST AMENDED CLASS ACTION**
    aggrieved employees pursuant to the California  )    **COMPLAINT FOR DAMAGES &**
20  Private Attorneys General Act;                  )    **ENFORCEMENT UNDER THE**
                                                    )    **PRIVATE ATTORNEYS GENERAL**
21                  Plaintiff,                      )    **ACT, CALIFORNIA LABOR CODE**
                                                    )    **§ 2698, ET SEQ.**
22           v.                                     )
                                                    )    (1)  Violation of California Labor Code §§
23                                                  )         226.7 and 512(a) (Unpaid Meal
    HYATT CORPORATION, an unknown business)              Period Premiums);
24  entity; and DOES 1 through 100, inclusive,      )    (2)  Violation of California Labor Code §
                                                    )         226.7 (Unpaid Rest Period
25                  Defendants.                     )         Premiums);
                                                    )    (3)  Violation of California Labor Code §§
26                                                  )         1194, 1197, and 1197.1 (Unpaid
                                                    )         Minimum Wages);
27                                                  )    (4)  Violation of California Labor Code §§
                                                    )         201 and 202 (Final Wages Not Timely
28                                                  )         Paid);



(5)   Violation of California Labor Code §
      204 (Wages Not Timely Paid During
      Employment);
(6)   Violation of California Labor Code §
      226(a) (Non-Compliant Wage
      Statements);
(7)   Violation of California Labor Code §
      1174(d) (Failure To Keep Requisite
      Payroll Records);
(8)   Violation of California Business &
      Professions Code §§ 17200, et seq.;
      and
(9)   Violation of California Labor Code §
      2698, et seq. (California Labor Code
      Private Attorneys General Act of
      2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff CHRISTINE CRUMP ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Alameda.  The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Alameda.

## PARTIES

5.     Plaintiff CHRISTINE CRUMP is an individual residing in the State of California, County of Alameda.

6.     Defendant HYATT CORPORATION, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

7.     At all relevant times, Defendant HYATT CORPORATION was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.     At all times herein relevant, Defendants HYATT CORPORATION and DOES 1 through

1

100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.      Defendant HYATT CORPORATION and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.      Plaintiff further alleges that Defendants, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members and aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.      Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

13.      The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from December 6, 2015 to final judgment and who reside in California.

14.     Plaintiff reserves the right to establish subclasses as appropriate.

15.     The class is ascertainable and there is a well-defined community of interest in the litigation:

a.      <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

b.      <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.      <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.      <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.      <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class

3

1    actions provide the class members who are not named in the complaint

2    anonymity that allows for the vindication of their rights.

3        16.    There are common questions of law and fact as to the class members that predominate

4    over questions affecting only individual members.  The following common questions of law or fact,

5    among others, exist as to the members of the class:

6            a.    Whether Defendants' failure to pay wages, without abatement or reduction, in

7            accordance with the California Labor Code, was willful;

8            b.    Whether Defendants' had a corporate policy and practice of failing to pay their

9            hourly-paid or non-exempt employees within the State of California for all hours

10           worked and missed (short, late, interrupted, and/or missed altogether) meal

11           periods and rest breaks in violation of California law;

12           c.    Whether Defendants required Plaintiff and the other class members to work over

13           eight (8) hours per day and/or over forty (40) hours per week;

14           d.    Whether Defendants deprived Plaintiff and the other class members of meal

15           and/or rest periods or required Plaintiff and the other class members to work

16           during meal and/or rest periods without compensation;

17           e.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class

18           members for all hours worked;

19           f.    Whether Defendants failed to pay all wages due to Plaintiff and the other class

20           members within the required time upon their discharge or resignation;

21           g.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other

22           class members during their employment;

23           h.    Whether Defendants complied with wage reporting as required by the California

24           Labor Code; including, *inter alia*, section 226;

25           i.    Whether Defendants kept complete and accurate payroll records as required by

26           the California Labor Code, including, *inter alia*, section 1174(d);

27           j.    Whether Defendants' conduct was willful or reckless;

28           k.    Whether Defendants engaged in unfair business practices in violation of

4

1    California Business & Professions Code section 17200, et seq.;

2    l.     The appropriate amount of damages, restitution, and/or monetary penalties

3           resulting from Defendants' violation of California law; and

4    m.     Whether Plaintiff and the other class members are entitled to compensatory

5           damages pursuant to the California Labor Code.

6                                    **PAGA ALLEGATIONS**

7    17.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by

8    Defendants.

9    18.    At all times herein set forth, PAGA provides that any provision of law under the

10   California Labor Code that provides for a civil penalty, including unpaid wages and premium wages,

11   to be assessed and collected by the LWDA for violations of the California Labor Code may, as an

12   alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself

13   and other current or former employees pursuant to procedures outlined in California Labor Code

14   section 2699.3.

15   19.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved

16   employee," who is any person that was employed by the alleged violator and against whom one or

17   more of the alleged violations was committed.

18   20.    Plaintiff was employed by Defendants and the alleged violations were committed

19   against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and

20   the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c)

21   in that they are current or former employees of Defendants, and one or more of the alleged violations

22   were committed against them.

23   21.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee,

24   including Plaintiff, may pursue a civil action arising under PAGA after the following requirements

25   have been met:

26   a.     The aggrieved employee shall give written notice by online submission

27          (hereinafter "Employee's Notice") to the LWDA and by certified mail to the

28          employer of the specific provisions of the California Labor Code alleged to have

5

been violated, including the facts and theories to support the alleged violations.

b.      The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

22.     On September 30, 2019, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendant HYATT CORPORATION of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff did not receive an LWDA Notice within sixty-five (65) days of the date of the submission of Plaintiff's Notice.

23.     Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, including unpaid wages and premium wages per California Labor Code section 558 against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 512(a), 1174(d), 1194, 1197, 1197.1, and 1198 have been satisfied.

## GENERAL ALLEGATIONS

24.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, County of Alameda.

25.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately January 2019 to approximately June 2019, in the State of California, County of Alameda.

26.     Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

6

27.     Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

28.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

29.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

30.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

31.     Defendant stresses guest satisfaction above employee satisfaction or Labor Code compliance.  Immediately upon hiring, Defendant trains and instructs its employees that the guest's needs mean everything, and those needs come before the needs of the employees.  Indeed, ensuring guest satisfaction is a common job duty for hourly employees across all Defendant locations.

32.     Defendant also requires its employees to complete several tasks prior to clocking-in.  For example, Defendant's onboarding documents specifically say, "You may be considered tardy if you are not in your assigned work area, dressed and ready to work at your scheduled time."  Defendant does not allow employees to show up at the jobsite and change after clocking-in.  Rather, it requires employees to have put on their uniform, shoes, nametag, and other articles of clothing prior to arriving.  If employees do not comply, they can be terminated, as Plaintiff was.  Despite these pre-shift requirements, Defendant does not compensate its hourly employees for any pre-shift activities.  These issues were present for Plaintiff during the same workweek she was hired and continued through the class period.  She is informed and believes, and based thereon alleges, these issues existed through the entire class period.

33.     Putative class members must also "[c]lean guest rooms according to standards within allotted time frame by sweeping, mopping, scrubbing, or vacuuming."  However, these time frames are unrealistic, as there is not enough time nor not enough employees to complete these tasks.  As such, class members face enormous pressure in order to complete their daily tasks during their shifts.  In reality, the workload was far too much for the putative class members to accomplish without adequate staffing.

7

Defendant did not provide enough staffing in order to complete all of these duties, and does not even have a break relief shift to provide breaks. Plaintiff even asked if she could come in early to complete her tasks so she could take a break during her shifts, but Defendant did not allow her to deviate from her set schedule in order to get work done. Instead, the class members regularly must forego their hard-earned meal and rest periods just to keep up with these hourly demands.

34.    For example, Plaintiff regularly was unable to take a break due to the amount of work she had to accomplish in a short amount of time. She would regularly report that she was unable to take a break on the time-clock machine, but Defendant did nothing to provide her with compliant breaks in the future. In fact, Plaintiff brought this issue up with Defendant's management numerous times, but was told "we'll do what we can." Nothing changed. Plaintiff is informed and believes, and based thereon alleges, that other employees were also complaining about Defendant's failure to provide breaks to no avail. These issues were present for Plaintiff during the same workweek she was hired and continued through the class period. She is informed and believes, and based thereon alleges, these issued existed through the entire class period.

35.    These pervasive issues also result in many late breaks. Plaintiff and her fellow employees would take breaks at the end of the shift, well after the start of the fifth hour of work because there was too much work to take the breaks on time. She and her fellow coworkers only took breaks if time allowed, but this meant waiting more than five hours after the start of their shift. Plaintiff's coworkers on the morning shift also confirmed this happened on a daily basis because the workload was too high. These issues were present for Plaintiff during the same workweek she was hired and continued through the class period. She is informed and believes, and based thereon alleges, these issues existed through the entire class period.

36.    In addition, Defendant unfairly rounds its clock-in and clock-out times against the hourly employees. It allows employees to clock in several minutes earlier than their scheduled shift, but then automatically adjusts the clock-in time to the nearest hour. By way of example, on Monday, May 6, 2019, Plaintiff clocked in at 2:23 p.m. and began working, but her timesheet automatically adjusted it to 2:30 p.m. In addition, she clocked out at 11:05 p.m., but her timesheet automatically adjusted it back down to 11:00 p.m. In total, this meant Plaintiff was deprived of twelve minutes of wages for this single

8

workday. This happened to Plaintiff on a regular basis during every workweek, and she saw several of her other co-workers clocking-in prior to the start of their shifts and clocking-out after the ends of their shifts. Plaintiff is informed and believes, and based thereon alleges they did not get paid for this time either. These issues were present for Plaintiff during the same workweek she was hired and continued through the class period. She is informed and believes, and based thereon alleges, these issues existed through the entire class period.

37.     Due to Defendant's continuous operations, Defendant often scheduled Plaintiff and the putative class members for seven consecutive days. Plaintiff and the other class members regularly worked in excess of six hours per day, but were often called in to fill positions, thereby requiring them to work seven consecutive days without a day of rest.

38.     These requirements are interchangeable between the hourly positions. Even Defendant's job postings state the positions are interchangeable because they must "[p]erform house person and lobby attendant duties when short staffed or during peak periods." Instead of providing adequate staffing, Defendant passes these additional job duties onto the class members, further interfering with their ability to take compliant breaks.

39.     Plaintiff is informed and believes, and based thereon alleges, that pursuant to Defendant' internal policies and practices, Defendant required Plaintiff and the other class members to attend to their duties at all times, discuss work issues during breaks, and work during meal and rest periods. If a guest had a question during a break, Plaintiff and the other class members could not refuse to answer. If a guest placed an order or requested service, employees could not refuse to provide that service even if they were on break. Similarly, Defendant requires class members to remain on call because they carry walkie talkies in order to be available to talk to supervisors while they work throughout the hotel. Defendant also does not instruct employees to turn their radios off during breaks. Defendant expects these employees to answer, and the employees understand they may be disciplined for failing to answer their radios while on breaks. In these scenarios, Defendant did nothing to compensate its employees for its own failure to provide breaks. It did not pay them an hour of premium pay, nor did it allow them to take another interrupted break when the needs of the guests came first. These issues were present for Plaintiff during the same workweek she was hired and continued through the class period. She is informed and

9

believes, and based thereon alleges, these issues existed through the entire class period.

40.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

41.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular wages earned and for missed meal periods and rest breaks in violation of California law.

42.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

43.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

44.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

45.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

46.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed

to them upon discharge or resignation, including minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

47.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

48.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

49.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

50.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

51.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

52.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

53.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

11

54.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

55.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

56.     During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

57.     During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

58.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

### FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against HYATT CORPORATION and DOES 1 through 100)

59.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 58, and each and every part thereof with the same force and effect as though fully set forth herein.

60.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

61.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

62.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

12

63.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

64.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

65.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

66.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

67.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

68.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

69.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

/ / / /

/ / / /

/ / / /

13

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against HYATT CORPORATION and DOES 1 through 100)**

70.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 69, and each and every part thereof with the same force and effect as though fully set forth herein.

71.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

72.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

73.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

74.    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

75.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

76.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

77.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

78.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period

14

1  was not provided.

2  **THIRD CAUSE OF ACTION**

3  **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

4  **(Against HYATT CORPORATION and DOES 1 through 100)**

5  79.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 78,

6  and each and every part thereof with the same force and effect as though fully set forth herein.

7  80.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide

8  that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum

9  so fixed is unlawful.

10  81.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff

11  and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and

12  1197.1.

13  82.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as

14  required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections

15  Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage

16  compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal

17  to the wages unlawfully unpaid and interest thereon.

18  83.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members

19  are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum

20  wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

21  84.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members

22  are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and

23  interest thereon.

24  **FOURTH CAUSE OF ACTION**

25  **(Violation of California Labor Code §§ 201 and 202)**

26  **(Against HYATT CORPORATION and DOES 1 through 100)**

27  85.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 84,

28  and each and every part thereof with the same force and effect as though fully set forth herein.

15

86.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

87.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

88.    Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

89.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

///

shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

90.    Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against HYATT CORPORATION and DOES 1 through 100)

91.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the

16

16th and the 26th day of the month during which the labor was performed.

93.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

94.    At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period

95.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

96.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against HYATT CORPORATION and DOES 1 through 100)

97.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 96, and each and every part thereof with the same force and effect as though fully set forth herein.

98.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly

17

dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

99.    Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

100.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

101.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

102.    Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

103.    Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against HYATT CORPORATION and DOES 1 through 100)

104.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 103, and each and every part thereof with the same force and effect as though fully set forth herein.

105.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

18

106.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

107.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

108.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## EIGHTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against HYATT CORPORATION and DOES 1 through 100)

109.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 108, and each and every part thereof with the same force and effect as though fully set forth herein.

110.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

111.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

112.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), and

19

1174(d).

113.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

114.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

115.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against HYATT CORPORATION and DOES 1 through 100)

116.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 115, and each and every part thereof with the same force and effect as though fully set forth herein.

117.    PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

118.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

119.    Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

/ / / /

20

**Failure to Provide Meal Periods**

120.    Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

121.    Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

122.    Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

**Failure to Timely Pay Wages Upon Termination**

123.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

124.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

125.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

126.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

21

127.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

     a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

     b.    Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

     c.    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two

     d.    hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

     e.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

128.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

129.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

22

1

**DEMAND FOR JURY TRIAL**

2      Plaintiff, individually, and on behalf of other members of the general public similarly situated

3  and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act,

4  requests a trial by jury.

5

**PRAYER FOR RELIEF**

6      WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public

7  similarly situated and on behalf of other aggrieved employees pursuant to the California Private

8  Attorney General Act, prays for relief and judgment against Defendants, jointly and severally, as

9  follows:

10

**Class Certification**

11      1.      That this action be certified as a class action;

12      2.      That Plaintiff be appointed as the representative of the Class;

13      3.      That counsel for Plaintiff be appointed as Class Counsel; and

14      4.      That Defendants provide to Class Counsel immediately the names and most current/last

15  known contact information (address, e-mail and telephone numbers) of all class members.

16

**As to the First Cause of Action**

17      5.      That the Court declare, adjudge and decree that Defendants violated California Labor

18  Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal

19  periods (including second meal periods) to Plaintiff and the other class members;

20      6.      That the Court make an award to Plaintiff and the other class members of one (1) hour

21  of pay at each employee's regular rate of compensation for each workday that a meal period was not

22  provided;

23      7.      For all actual, consequential, and incidental losses and damages, according to proof;

24      8.      For premium wages pursuant to California Labor Code section 226.7(c);

25      9.      For pre-judgment interest on any unpaid wages from the date such amounts were due;

26      10.     For reasonable attorneys' fees and costs of suit incurred herein;

27      11.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

28      12.     For such other and further relief as the Court may deem just and proper.

23

## As to the Second Cause of Action

13.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

14.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

15.     For all actual, consequential, and incidental losses and damages, according to proof;

16.     For premium wages pursuant to California Labor Code section 226.7(c);

17.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

18.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

19.     For such other and further relief as the Court may deem just and proper.

## As to the Third Cause of Action

20.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

21.     For general unpaid wages and such general and special damages as may be appropriate;

22.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

23.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

24.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

25.     For liquidated damages pursuant to California Labor Code section 1194.2;

26.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

27.     For such other and further relief as the Court may deem just and proper.

////

////

24

**As to the Fourth Cause of Action**

28.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

29.     For all actual, consequential, and incidental losses and damages, according to proof;

30.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

31.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

32.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

33.     For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

34.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

35.     For all actual, consequential, and incidental losses and damages, according to proof;

36.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

37.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

38.     For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

39.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For statutory penalties pursuant to California Labor Code section 226(e);

42.     For injunctive relief to ensure compliance with this section, pursuant to California Labor

25

Code section 226(h);

43.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

44.    For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

45.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

46.    For actual, consequential and incidental losses and damages, according to proof;

47.    For statutory penalties pursuant to California Labor Code section 1174.5;

48.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

49.    For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

50.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), and 1174(d).

51.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

52.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

53.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

54.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

55.    For such other and further relief as the Court may deem just and proper.

FIRST AMENDED COMPLAINT

## As to the Ninth Cause of Action

56.     For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 512(a), 1174(d), 1194, 1197, 1197.1, and 1198; and

57.     For such other and further relief as the Court may deem equitable and appropriate.

DATED:  August 4, 2020                          **PARRIS LAW FIRM**


                                        By: ___/s/ Kitty K. Szeto_____
                                              Kitty K. Szeto
                                              Attorneys for Plaintiff and the
                                              Putative Class and Aggrieved Employees

27